## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY BAVIS,<br>c/o Motley Rice LLC<br>28 Bridgeside Boulevard<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465 | )    Case No.:<br>)<br>)    COMPLAINT<br>)<br>)<br>) |
|            Plaintiff, | )<br>) |
|     vs. | )<br>) |
| CARLA J. MARTIN, Individually,<br>4000 Tunlaw Rd NW<br>Apt. 710<br>Washington, DC 20007 | ) |
|            Defendant | |

### COMPLAINT

Comes now Plaintiff, Mary Bavis, and brings this *Bivens* action against Defendant, Carla J. Martin.

### JURISDICTION

1.      This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has jurisdiction over this action pursuant to 28 U.S.C.§§ 1331 and 2201 because it is a federal question and pursuant to 28 U.S.C. § 1331 the district courts shall have original jurisdiction of all civil actions arising under the Constitution.

## VENUE

2.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. 1332.  A substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3.      Plaintiff is an individual suing in her individual capacity and Defendant is an individual being sued in her individual capacity, and neither are corporate entities.

4.      Carla J. Martin, at all times relevant herein is a resident of the District of Columbia.

5.      Carla J. Martin, at all times relevant herein was an employee of the United States of America.

## FACTS

6.      From on or about 1989 until on or about 2002, Carla J. Martin was employed by the U.S. Department of Transportation in a position assigned to the Federal Aviation Administration (DOT-FAA), an agency of the United States government.

7.      The DOT is located at 400 7th Street, S.W. Washington, D.C.  The FAA is located at 800 Independence Avenue, S.W. Washington, D.C.

8.      From on or about 2002, until the present Carla J. Martin was employed by the U.S. Department of Homeland Security assigned to the Transportation Security Administration (DHS-TSA), an agency of the United States government.

9.      The DHS lists its address on the DHS website at www.dhs.gov/ahspublic/contacts as Washington, D.C.  The TSA is located at 601 South 12th Street, Arlington, Virginia.

10.     At all times relevant herein, Carla J. Martin held herself forth as acting under color of her federal authority as an employee and/or agent of the United States government.

11.     At no time relevant herein was Carla J. Martin a U.S. Attorney, an Assistant U.S. Attorney, a federal or state judge, a federal law enforcement officer, a member of Congress, a state legislator, or the President of the United States.

12.     Carla J. Martin is not immune from civil lawsuits.

13.     This cause of action, which is commonly known as a *Bivens* action, seeks to recover damages from Carla J. Martin, individually, for constitutional violations she committed against the Plaintiff, and the damages caused by defendants actions, such action was affirmed in <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 2d 619(1971)</u>.

14.     Plaintiff has no other remedy for the unconstitutional violation of her rights by federal employee Carla J. Martin, and the damages she has suffered due to such acts.

15.     Plaintiff is not an employee of any government agency and thus the cause of action herein does not arise from any federal employment by plaintiff nor are there any other such special factors herein.

16.     The design of the relevant federal programs and/or federal agencies herein -- to wit, the DOT-FAA and the DHS-TSA -- are such that Congress has not provided adequate alternative remedial mechanisms, and it has not explicitly declared any substitute remedy, if any, as a substitute for recovery directly under the Constitution. Any such remedy, if any, is not as equally effective as this *Bivens* action for the constitutional violations herein.

17.    Plaintiff in this action is not claiming an injury resulted from agency action or agency decision, nor is plaintiff claiming herein that defendant violated her Constitutional rights while implementing agency action.

18.    Plaintiff is claiming herein that Carla J. Martin's intentional acts were separate and apart from any agency decision, and violated her Constitutional rights.

19.    Carla J. Martin's acts also were criminal conduct in violation of clearly established law and/or court orders.

20.    Carla J. Martin's actions to conspire or collude to destroy or cover up evidence render plaintiff's judicial remedies inadequate and ineffective and violate plaintiff's right of access to justice.

21.    Carla J. Martin acted contrary to clearly established Constitutional norms that a reasonable official would understand.

22.    On September 11, 2001, plaintiff herein lost a family member on an aircraft operated by United Airlines (UAL) as Flight 175.  Thereafter, and at all times relevant herein, plaintiff brought an individual suit against UAL and others to redress the loss of life and other damages stemming from the death of her son on 9/11.

23.    Plaintiff herein is the lawfully appointed personal representative appointed by an appropriate court to seek legal redress and maintain legal action(s) concerning the wrongful death of her son.

24.    Plaintiff's underlying claims are embodied in a federal legal action pending in the United States District Court for the Southern District of New York, and captioned:


**MARY BAVIS, Individually and**

**as Personal Representative of the Estate**

**of MARK BAVIS, Deceased**

                Plaintiffs,                **CASE #02-CV-7154**

vs.

AMERICAN AIRLINES, INC.,

A Delaware Corporation, et al.,

                Defendants.

25.    Plaintiff's underlying claim is attached hereto as Exhibit A and incorporated by reference as though fully set forth herein, and as such is described in this Complaint as though it were being independently pursued herein. However, plaintiff's wrongful death action is, and remains, a separate cause of action in another court.

26.    The underlying cause of action is only an element in this complaint, and it is not identical to, nor sought to be litigated in, this action.  The remedies sought by plaintiff herein are different from, and not available in, the underlying litigation.


## CAUSE OF ACTION FOR DAMAGES AND DECLATORY RELIEF

27.    After commencing the underlying wrongful death cause of action, plaintiff, through her counsel, both through independent investigation and through formal discovery, sought evidence relevant to the case and sought to lawfully prosecute her case and claims in the courts of the United States.

28.    Evidence both obtained and sought in the underlying case concerns the conduct of airlines of U.S. registry including American Airlines (AA) and United Airlines (UAL) and others, and their performance of aviation security activities.

29.    These airlines were on 9/11/01, and at all times relevant herein, subject to Federal Aviation Regulations enforced by the DOT-FAA, and after it was established after 9/11/01, subject to regulations of the DHS-TSA.

30.    Defendant engaged in the following activities, which actions, and each of them, violated defendant's Constitutional rights by frustrating the underlying wrongful death litigation and harming or depriving plaintiff of her right to a full and/or fair trial:

a.   Carla J. Martin interfered with and deprived plaintiff of evidence in support of her underlying wrongful death case;

b.   Carla J. Martin interfered in the administration and progress of the civil case;

c.   Carla J. Martin destroyed, tampered with, hid, tainted, obfuscated, made unavailable, removed, reshaped or sought to influence evidence in the case and testimony of potential witnesses;

d.   Carla J. Martin colluded and/or conspired with known and unknown representatives of airlines which are defendants in the underlying wrongful death case to hide, obfuscate, make unavailable, remove, abscond with, destroy, change or otherwise tamper with evidence and potential witnesses;

e.   Carla J. Martin deprived plaintiff or caused plaintiff to be deprived of evidence independently obtained by her counsel;

f.   Carla J. Martin sought to prevent plaintiff from engaging in discovery in her underlying civil case;

g.   Carla J. Martin interfered with plaintiff's rights to trial, and to her rights to seek redress in court;

h.   Carla J. Martin illegally tampered with witnesses and evidence in the case of United States vs. Moussaoui which evidence was also sought in plaintiff's underlying wrongful death case and undertook such actions in

an effort to assist the defendants in plaintiff's underlying wrongful death case;

i.  Carla J. Martin sought and/or enlisted the assistance of others to cause the denial of plaintiff to have access to evidence in her underlying case, including seizing, hiding, removing, sequestrating, labeling as Sensitive Security Information, and otherwise causing the unavailability of information which was previously public;

j.  Carla J. Martin coordinated, conspired, colluded, aided and abetted or otherwise acted in conduct with certain known and unknown airline representatives, which airlines are defendants in plaintiff's underlying suit, and which representatives are involved in the underlying litigation, all to deprive plaintiff of her Constitutional rights to a fair trial;

k.  Carla J. Martin violated court orders;

l.  Carla J. Martin illegally coached witnesses, and otherwise attempted to shade and alter evidence before the Moussaoui court, with the intent of helping defendants in plaintiff's underlying lawsuit in the Southern District of New York; and/or

m.  Carla J. Martin ordered the destruction of documents and other evidence.

n.  Carla J. Martin undertook these and/or other such actions which violate plaintiff's Constitutional rights.

31.    Defendant's actions are outside the scope of her official responsibilities as an employee of the United States.

32.    The United States District Court for the Northern District of Virginia determined that Defendant's actions were improper, unauthorized and not capable of

being authorized by her position in the government, and in violation of the Court's orders entered in the case U.S.A. v. Zacarias Moussaoui.

33.    Defendant's acts were for the purpose of assisting persons she has identified in documents as her "friends", including attorneys and/or other representatives acting on behalf of various U.S. airlines, defendants in the plaintiff's underlying lawsuit. Defendant sought to manipulate the evidence and testimony in the Zacarias Moussaoui case to assist her "friends" in defending against this plaintiff's and other plaintiffs', wrongful death suit against the airlines represented by her "friends" and others. Defendant also sought to manipulate the evidence and testimony and damage or destroy plaintiff's right to a fair trial in her underlying litigation in the United States District Court for the Southern District of New York. Defendant did and/or attempted to interfere with, destroy, inhibit, obfuscate, or otherwise make it impossible for plaintiff to obtain evidence and witnesses in her civil action against the carriers including those represented by her "friends" which defendant attempted to assist through her actions.

34.    Plaintiff was harmed by and suffered damages because of defendant's acts and/or omissions.

35.    Plaintiff herein does not otherwise have an adequate remedy at law other than this *Bivens* action. The court in the underlying case, the United States District Court in the Southern District of New York, has already ruled that the defendant's actions at issue in this *Bivens* claim are beyond the scope of its powers, and it is without power or jurisdiction to address the illegal actions of Defendant, Carla J. Martin. The Southern District of New York's order is attached hereto as Exhibit B and incorporated as though fully set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek damages from Defendant, Carla J. Martin, individually, as follows:

a.) damages in an amount deemed by this honorable court to be fair and just,

b.) punitive or exemplary damages as allowed by law,

c.) attorneys fees and costs as allowed by law,

d.) declaratory relief including temporary and permanent injunctive relief commanding defendant Martin to cease and desist her illegal activities; to be barred from actions in regard to 9/11 cases; to be enjoined from further tampering, destruction, obfuscation, removal, hiding or otherwise tainting of evidence or witnesses.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial.

Respectfully Submitted,

Mary Schiavo
DC Bar No. 440175
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000